UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| C Company General | ) | Bankruptcy No. 15-30554 |
| Contractors, LLC, | ) | Chapter 11 Bankruptcy |
| | ) | |
| Debtor. | ) | |
| | ) | |
| C Company General | ) | |
| Contractors, LLC, | ) | |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Commercial Credit Group, a | ) | |
| Delaware Corp., | ) | |
| | ) | |
| Defendant. | ) | Adversary No. _____ |

C Company General Contractors, LLC (C Company), the debtor-in-possession in this case, by and through its attorney Kip M. Kaler for its cause of action against the Defendant Commercial Credit Group (CCG) states and alleges as follows:

1.  C Company is a North Dakota corporation authorized and doing business in the state of North Dakota and is the debtor-in-possession in this bankruptcy case.

2.  CCG is a corporation organized under the laws of the state of Delaware authorized and doing business in the state of North Dakota, with its principal office located at 227 W. Trade Street, Suite 1450, Charlotte, North Carolina 28202.

3.  The debtor-in-possession initiates this action to recover damages caused by CCG's unlawful seizure, in breach of the peace, leading C Company to forego various business opportunities.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The venue of this case is proper pursuant to 28 U.S.C. §1408. This is an adversary proceeding governed by Fed. R. Bankr. P. 7001(1) to recover money, is a core proceeding related to this bankruptcy case under Title XI, and this Court has authority to hear this case and submit proposed findings of fact and conclusions of law to the District Court under 28 U.S.C. § 157(b)(2)(E).

5. On December 14, 2015, CCG seized three vacuum trucks from C Company.

6. To repossess two of the vacuum trucks, CCG broke into a locked garage where the vacuum trucks were stored, claiming that they were accompanied by a police officer.

7. C Company did not consent to the repossession or the entry into their premises.

8. 11 U.S.C. § 542 states that any entity in possession of property rightfully belonging to the estate must deliver and account for such property.

9. Despite demand, the Defendant refused to turn over the vehicles until December 30, 2015.

10. Plaintiff is entitled to damages due to the foregone business opportunities they would have been able to take advantage of had they had all their trucks.

11. Due to the missing vacuum trucks, C Company was forced to turn down approximately ten jobs paying $300 per hour. Over a period of two days, C Company was forced to turn down five jobs from XTO Entergy. C Company was also involved in a large project for Hess which paid $350 per hour that they had to turn down because

their vacuum truck was seized on the way to the project. In total, C Company missed business opportunities totaling $30,000 over the time the trucks were wrongfully held by CCG. Additionally, C Company had to furlough workers because they could not support enough projects to employ everyone without the missing vacuum trucks.

## COUNT I – BREACH OF THE PEACE

12. N.D.C.C. § 41-09-106 governs the ability of a secured creditor to repossess its collateral. They may do so without judicial process if it proceeds without breach of the peace. N.D.C.C. § 41-09-106(2)(b).

13. A breach of the peace occurs when, without the permission of the debtor, a creditor breaks, opens, or moves any lock, gate, or other barrier to enter enclosed real property. Padilla v. Ghuman, 183 P.3d 653, 661 (Colo. Ct. App. 2007)

14. A breach of the peace also occurs during the repossession of collateral when a creditor enters the debtor's premises, and the debtor or a person acting on his behalf has not consented to the entry and repossession. Bloomquist v. First Nat. Bank of Elk River, 378 N.W.2d 81, 84 (Minn. Ct. App. 1985).

15. Use of law enforcement personnel for a self-help repossession renders the repossession unlawful. In re MacLeod, 118 B.R. 1, 2 (Bankr. D. N.H. 1990).

16. In this case, CCG trespassed into C Company's locked garage to seize the two vacuum trucks, and were accompanied by law enforcement personnel as part of their self-help repossession. Both actions make their repossession unlawful.

THEREFORE, C Company respectfully requests that it be granted judgment against the CCG as follows:

1. Judgment against the Defendant, CCG in favor of C Company in the sum of not less than $30,000.00.

2. C Company be awarded its costs and disbursements incurred in the pursuit of this action.

Dated this 8th day of January, 2016.

*[signature]*

Kip M. Kaler (ND Atty #03757)
KALER DOELING, PLLP
Attorney for Plaintiff
3429 Interstate Blvd. S.
P.O. Box 9231
Fargo, ND 58106-9231
(701) 232-8757
kip@kaler-doeling.com